# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Case: 1:25−cv−04413 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 12/16/2025
Description: TRO/Prelim. Inj. (D-DECK

CS # ORIGINAL PROCEEDING

JOHN DOE,

Similarly situated citizens of the United States,

Similarly situated "BOAT STRIKE" victims,

Similarly situated "EPSTEIN" and other assault victims,

Similarly situated I.C.E. detained U.S. Citizen victims,

Similarly situated "ETHNICALLY CLEANSED" legal and undocumented migrant victims,

Similarly situated "AFFORDABILITY" victims, et al.

    Plaintiffs

v.

United States of America,



RECEIVED
DEC 16 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Donald J. Trump, a.k.a. " THE DOG THAT DIDN'T BARK" in his purported official and individual capacities,

Elon Musk, in his purported official and individual capacities,

Stephen Miller, in his purported official and individual capacities,

J.D. Vance, in his purported official and individual capacities,

United States Doge Service,

Department of Government Efficiency,

Republican National Committee,

The Republican Party and Parties of the United States a.k.a. Grand Old Party, all members,

Unknown Transition donor Jane Does and Unknown Transition donor John Does,

The Heritage Foundation,

Fox News Network LLC,

Timothy Kelly, in his purported official and individual capacities,

Carl Nichols, in his purported official and individual capacities,

Angela D. Caesar Clerk of Court, in her purported official and individual capacities,

Jean-Claude Douyon, Operations Supervisor, in his purported official and individual capacities,

Megan Bleskoski Case Administrator, in her purported official and individual capacities,

Claude Alde Case Administrator, in his purported official and individual capacities,

Unknown Intake clerk(s), in his or her purported official and individual capacities, et al.

        Defendants

**MOTION FOR DISQUALIFICATION AND SUPPORTING AFFIDAVIT**

    Plaintiff incorporates and realleges the allegations of the complaint, motion for T.R.O., preliminary injunction and to proceed under pseudonym.

    Pursuant to 28 U.S.C. §§144 and 455(a) and (b), the plaintiff in this proceeding, as so moved in 1:25-cv-1229, moves to disqualify the judge and ALL defendant judges in any of plaintiff's cases from any incorrectly

presumed jurisdiction or authority. This motion is both timely and sufficiently supported by self-affidavit.  As such, and pursuant to 28 U.S.C. § 144, the Plaintiff requests disqualification and that ANY PROJECT 2025 JUDGE proceed no further on this motion or in this action and that another district court judge for the Federal District Court be assigned to hear and decide this motion. For the reasons described below, this action should be assigned to a judge who does not hold bias or prejudice against the plaintiff and other similarly situated persons of color.

The plaintiff is retaliated against for assertion of rights that commenced by becoming a WHISTLEBLOWER in 2015 against a wealthy republican donor, and that retaliation was confirmed by clandestine, surreptitious, covert and unlawful suppression of exonerating evidence. Approximately 166 times, spanning 10 years, the Asian American U.S. Citizen plaintiff has raised claims concerning the most fundamental and basic principles of law, but those claims were met with knowing and intentional resistance by every judge who identify with the "new" Republican party, to evade the merits while granting sufficiently similarly situated white persons the same requested relief, before, during and, after. Not one single order addressing the jurisdictional question or merits exists. Alternatively, Judges loyal to the Constitution have so complied with

tradition, ethics, and rules of court TO A FAULT, that they REMAINED SILENT upon the discriminatory acts of those judges tied to Project 2025 and white supremacy, while plaintiffs, trapped in between, have suffered. Those claims, only related in a colloquial sense here, are summarized as follows.

1. The trial court in XXXXXXXXX lacked subject matter jurisdiction to charge, try, prosecute, convict and sentence the plaintiff for the same crime he was already charged, tried, prosecuted, convicted and sentenced for in XXXXXXXXX after orchestrating probable cause with an unmirandized altered custodial transcript in obtaining arrest warrants. XXXXXXXXX was res judicata. XXXXXXXXX violated the double jeopardy clauses. Every judgement, order and, decree in every court in every case in and arising from XXXXXXXXX were void for lack of subject matter jurisdiction where the reviewing court determined its own subject matter jurisdiction by relying on the void for lack of subject matter jurisdiction of the court reviewed to determine its own. Or the reviewing court ruled on matters wholly outside of the pleadings. No other type of order was entered for 10 years.

2. The trial court in XXXXXXXXX lacked subject matter jurisdiction to sentence the plaintiff a second time to XXXXXXX's "probationary split sentencing scheme" after sentencing the plaintiff to a period of "state" prison incarceration. The orders of probation and their conditions were void for lack of subject-matter jurisdiction.

3. In XXXXXXXXX and XXXXXXXXX the plaintiff alleged that government officials, pursuant to a civil conspiracy, and the overarching policy of governance and jurisprudence entitled Project 2025, solicited white supremacist gang members to assassinate the plaintiff for assertion of rights by a non-white person resulting in the plaintiff becoming permanently disabled. In furtherance of the conspiracy, the judges who appear of record as defendants issued orders that tantamount to the grant of civil immunity to the defendants for the acts of violence. Those facts are again evaded in this case as the judge demonstrated his loyalty outside of the Constitution.

There was never a judicial plan to reach the merits.

There is only an extra-judicial plan to violate the Constitutional rights of the non-white plaintiff, appellant, petitioner, without doing so expressly on record and is reflected in the order and memorandum.

A party may petition the district court to disqualify the assigned judge under two different statutes. A party may allege bias of a district court judge pursuant to 28 U.S.C. § 144 and seek to have a neutral district court judge determine whether such bias exists. Also, a party may move to have a district court judge disqualified pursuant to 28 U.S.C. § 455, by establishing that the judge's impartiality might reasonably be questioned.

Nevertheless, the standard for disqualification under both statutes is the same. The question is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Thus, upon review, a court does not have to conclude that actual bias exists, but rather that a judge's impartiality might reasonably be questioned. This standard is similar to that which a federal Circuit applies when considering whether to order that a case be reassigned when claims of bias by the district judge are raised on appeal. For reassignment, the relevant question is whether circumstances establish that "to a reasonable outside observer . . . reassignment 'to maintain the appearance of justice' is necessary.". Although disqualification often requires extrajudicial evidence, a party can establish a proper basis for disqualification without such evidence where on-the-record statements demonstrate a "deep seated . . .

antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 554-55 (1994).

Judges who identify with the "new" republican party have expressed firmly held and unwarranted hostility against the Asian American plaintiff in this case and in other instances while granting similarly situated white persons the requested relief. In these actions, the judiciary have wrongfully interfered with the plaintiff's ability to assert Constitutional immunities tantamount to kidnapping and prolonging the false custody of the plaintiff reliant upon knowingly VOID orders, even responding with violence, then using the power of the judiciary to CONCEAL. Further, without any evidentiary basis and going far beyond any argument raised by any opponent to the plaintiff's claims, they formulate false narratives to dismiss fundamental and essential immunities of the United States Constitution while issuing orders that tantamount the grant of immunity to white government officials for acts of violence against the plaintiff, CONCEALING criminal activity. This bias or prejudice against the Asian American plaintiff makes fair judgment impossible.

Moreover, judges who appear to be a defendants and witnesses (F.R.E. 605) in this case refuse to recuse. The Supreme Court has made clear that "[b]ias is easy to attribute to others and difficult to discern in

oneself." Williams v. Pennsylvania, ___ U.S. ___, 136 S. Ct. 1899 (2016). "No man can be a judge in his own case, and no man is permitted to try cases where he has an interest in the outcome." Id. at 1905. In Williams, this Court stated, . . . a serious question arises as to whether the judge, even with the most diligent effort, could set aside any personal interest in the outcome. There is, furthermore, a risk that the judge "would be so psychologically wedded" to his or her previous position as a prosecutor (in this instance a defendant or witness) that the judge "would consciously or unconsciously avoid the appearance of having erred or changed position." [internal cites omitted] In addition, the judge's "own personal knowledge and impression" of the case, acquired through his or her role in the prosecution, may carry far more weight with the judge than the parties' arguments to the court. Ibid. 7 The goal of Section 455(a) is to avoid even the appearance of partiality. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988). The purpose to "promote public confidence in the integrity of the judicial process . . . does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew." The Court in Liljeberg vacated the prior Court's judgment long after it was final.

Kelly supported by Nichols in by concealment on 10/08/25 in 1:25-cv-1229, at the behest of defendant Donald J. Trump and project 2025 codefendants intercepted that case, prevented the judge assigned to motion duty from acting, drafted and signed the memorandum there on 06/18/25 before he had jurisdiction and assignment as the motion duty judge on 07/07/25. The docketing took place on that same day. He would have the courts of review believe he reviewed a 140-page complaint, with 8 causes of action, with thousands of pages of attachments incorporating the factual basis of hundreds of cases nationwide in less than 1 day. CM/ECF demonstrates his activity in this case long before obtaining jurisdiction on 07/07/25 and his memorandum opinion is dated 06/18/25. Nichols acted to conceal and more than likely also interfered with the August and September motions judges assigned. Plaintiff sought to enjoin furtherance of the project 2025 policy upon filing the complaint in 1:25-cv-1229 on 04/15/25. Since filing at least 23 migrants of color that we know of have died in defendants' unmonitored custody pursuant to the Project 2025 policy as defined by the plaintiff in 1:25-cv-1229, at least 170 U.S. citizens of color that we know of have been illegally kidnapped by defendants under the Supreme Court's recent determination in Vasquez Perdomo v. Noem that ONLY white citizens should not be racially profiled pursuant to the

Project 2025 policy as defined by the plaintiff in 1:25-cv-1229 , defendants are executing people of color (boat strike victims) entitled to the presumption of innocence without due process of law (docs 17-28 and 29 1:25-cv-1229) pursuant to the Project 2025 policy as defined by the plaintiff in 1:25-cv-1229. And when faced with these clearly racist acts under guise of official conduct, defendants Kelly and Nichols and an unknown clerk illegally alter the record in 1:25-cv-1229 to CONCEAL that which is subject to public scrutiny pursuant to the Project 2025 policy as defined by the plaintiff in 1:25-cv-1229 when they should have recused and the unknown clerk should have refused ILLEGAL orders. Project 2025 judges should not submit argumentative defenses under judicial function; they MUST wait to be served and respond to the complaint.

## RECUSAL RELIEF SOUGHT

Wherefore, the plaintiff John Doe, similarly situated citizens of the United States,  similarly situated "BOAT STRIKE" victims, similarly situated "EPSTEIN" and other assault victims, similarly situated I.C.E. detained U.S. Citizen victims, similarly situated "ETHNICALLY CLEANSED" legal and undocumented migrant victims, and similarly situated "AFFORDABILITY" victims, black, brown, women, lgbtq, the impoverished and other protected classes, respectfully request that ANY project 2025 judge and any other

defendant judge proceed no further and that an impartial adjudicator intervene commencing with review of this motion.

## CERTIFICATE

I John Doe, swear under penalties of perjury, that the foregoing is true, correct and not meant to mislead. I also certify that a true, correct copy has been forwarded.

U.S. Attorney 601 D St NW, Washington, DC 20004

Attorney General PL-01 The Capitol, Tallahassee, FL 32399-1050

The Executive Office, Office of the Legal Adviser, Suite 5.600, 600 19th Street NW., Washington DC 20522.

Executive Office of the President, 1600 Pennsylvania Avenue, NW, Washington, DC 20530

Elon Musk   52448 Boca Chica Blvd, Brownsville, TX 78521

Donald J. Trump 1100 S. Ocean Blvd. Palm Beach, FL 33480

Stephen Miller 1600 Pennsylvania Avenue, NW, Washington, DC 20530

James David Vance 1600 Pennsylvania Avenue, NW, Washington, DC 20530

Republican National Committee 310 FIRST STREET SE WASHINGTON, DC 20003

Fox News Network LLC 1211 Avenue of the Americas New York, NY 10036

The Heritage Foundation 214 Massachusetts Ave NE. Washington D.C. 20002-4999

Timothy Kelly 333 Constitution Avenue, N.W. Washington, DC 20001

Carl Nichols 333 Constitution Avenue, N.W. Washington, DC 20001

Angela D. Caesar 333 Constitution Avenue, N.W. Washington, DC 20001

Jean-Claude Douyon 333 Constitution Avenue, N.W. Washington, DC 20001

Megan Bleskoski 333 Constitution Avenue, N.W. Washington, DC 20001

Claude Alde Case Administrator 333 Constitution Avenue, N.W. Washington, DC 20001

Unknown Intake clerk(s) 333 Constitution Avenue, N.W. Washington, DC 20001

John Doe

125cv1229@mail.com