UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA, *et al.*,

    *Defendants*.

Civil Action No. 25 - 4413 (UNA)

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff John Doe's application to proceed *in forma pauperis*, ECF No. 2, pro se complaint, ECF No. 1, and motions for injunctive relief, ECF No. 4, to disqualify, ECF No. 5, and for leave to supplement facts, ECF Nos. 8, 9. For the reasons explained below, the court will grant Mr. Doe's application and motions for leave to supplement facts, dismiss the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and deny the remaining motions as moot.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the court cannot exercise subject-matter jurisdiction over a frivolous complaint, *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" (quoting *Newburyport Water Co. v.*

*Newburyport*, 193 U.S. 561, 579 (1904))); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). Under 28 U.S.C. § 1915, a court must dismiss a case "at any time if the court determines that . . . the action or appeal . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). Consequently, the court is obligated to dismiss a complaint as frivolous when, as here, "the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or the complaint "postulat[es] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).

Mr. Doe purports to bring this action on behalf of similarly situated "citizens of the United States," "'BOAT STRIKE' victims," "'EPSTEIN' and other assault victims," "I.C.E. detained U.S. Citizen victims," "'ETHNICALLY CLEANSED' legal and undocumented migrant victims," and "'AFFORDABILITY' victims." ECF No. 1, at 1, 37.[1] While his complaint is not a model of clarity, Mr. Doe appears to challenge the court's resolution of his prior civil action, which was dismissed for lack of subject-matter jurisdiction. *Id.* at 10-35; *see Doe v. United States of America*, No. 25-CV-1229 (D.D.C. July 7, 2025), ECF Nos. 14, 15. The complaint largely repeats Mr. Doe's grievances from his earlier suit about "the confederate white supremacist republican party project 2025 policy," ECF No. 1, at 40, but Mr. Doe also raises new factual allegations, *see* ECF No. 8 (supplemental pleading regarding the death of Renee Good). As a cause of action, Mr. Doe brings a single claim of defamation per se.

Mr. Doe's defamation claim is "absolutely devoid of merit" and "obviously frivolous." *Hagans*, 415 U.S. at 536 (internal quotation marks omitted). While Mr. Doe appears to cite links to news articles that contain the allegedly defamatory statements, *see* ECF No. 1, at 37-38, he does

---

[1] When citing Mr. Doe's filings, the court refers to the CM/ECF-generated numbers at the top of each page rather than any internal pagination.

not identify the allegedly defamatory statements at issue or explain how they defamed him.[2]  Nor does Mr. Doe identify who among the sprawling group of Defendants—which include "the entire [R]epublican [P]arty, nationwide," "the authors or parties involved with the project 2025 policy," Elon Musk, Fox News Network, LLC, the Department of Government Efficiency, and two federal judges, among others, *see id.*, at 2-3, 9—committed the alleged defamation.  He instead argues that "[e]very word that the confederate white supremacist republican party defendants utter [is] false or . . . rel[ies] on a prior falsehood protected by abuse of power in all 3 branches of government pursuant to the implemented project 2025 policy complained of and defined in [his previous suit]."  *Id.* at 40; *see also id.* at 37 ("From their ivory towers[,] [Defendants] point down at the plaintiffs, defame, kidnap, sexually assault or protect those that do, then constitutionally interfere with the paths to remedy . . . abuse of power.").

Accordingly, the court will grant Mr. Doe's application to proceed *in forma pauperis*, ECF No. 2, and motions for leave to supplement facts, ECF Nos. 8, 9; dismiss the complaint and the case without prejudice, ECF No. 1; and deny his remaining motions, ECF Nos. 4, 5, as moot.  A contemporaneous order will issue.

/s/ L. Alikhan

———————————

LOREN L. ALIKHAN
United States District Judge

Date:  February 19, 2026

---

[2] Mr. Doe can only pursue a claim that *he* was defamed.  He cannot bring a defamation claim based on statements made about other "similarly situated" individuals, ECF No. 1, at 40, because, as a general rule, "a *pro se* litigant can represent only himself in federal court," *Doe v. United States*, No. 25-CV-1229, 2025 WL 1895607, at *1 (D.D.C. July 7, 2025) (quoting *Cannady v. Missouri*, No. 15-CV-73, 2015 WL 358236, at *1 (D.D.C. Jan. 13, 2015)).